1

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

2

3

4

STEPHANIE FORMAN, ESQ.; STATE BAR NO. 195757
ROGER W. BACKLAR, ESQ.; STATE BAR NO. 225277
E-Mail: Sforman@tharpe-howell.com
E-Mail: Rbacklar@tharpe-howell.com

5

6

Attorneys for Defendants, Third-Party Plaintiffs,
LOWE'S HOME CENTERS, LLC, and ORCHARD SUPPLY COMPANY, LLC

7

8

### UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

| | |
|---|---|
| 11 G.H., a minor by and through her GUARDIAN AD LITEM JAVIER HERNANDEZ, | Case No. [Orange County Superior Court Case No. 30-2022-01271717-CU-PO-CJC] |
| 13 Plaintiff, | |
| 14 v. | |
| 15 LOWE'S HOME CENTERS, LLC, a North Carolina Corporation; ORCHARD SUPPLY HARDWARE CORPORATION, a California Corporation; and DOES 1 to 25, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(b) (DIVERSITY) BY DEFENDANTS AND THIRD-PARTY PLAINTIFFS LOWE'S HOME CENTERS, LLC, AND ORCHARD SUPPLY COMPANY, LLC** |
| 18 Defendants. | |
| 19 LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, and ORCHARD SUPPLY COMPANY, LLC, a North Carolina limited liability company | Complaint Filed: July 25, 2022 |
| 22 Cross-Complainants, (Third-Party Plaintiffs), | |
| 24 v. | |
| 25 ORCHARD SUPPLY HARDWARE STORES CORPORATION, a Delaware corporation; and ROES 1 to 25, | |
| 27 Cross-Defendants. (Third-Party Defendant) | |

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(b) (DIVERSITY)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332 and § 1441, Defendants and Third-Party Plaintiffs LOWE'S HOME CENTERS, LLC ("Lowe's"), and ORCHARD SUPPLY COMPANY, LLC ("OSC") (collectively "Removing Defendants"), contemporaneously with the filing of this notice, are effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Orange, to the United States District Court, Central District of California – Southern Division.  The removal is based, specifically, on the following grounds:

## JURISDICTION AND VENUE ARE PROPER

1.      This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Removing Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.      On July 25, 2022, Plaintiff G.H., a minor, by and through her Guardian Ad Litem, JAVIER HERNANDEZ, commenced the above-entitled civil action in the Superior Court for the County of Orange by filing a Complaint therein entitled *G.H., a minor, by and through her Guardian Ad Litem, Javier Hernandez v. Lowe's Home Centers, LLC, et al.,* Case No. 30-2022-01271717-CU-PO-CJC.  True and correct copies of the Summons and Complaint filed in this matter are attached hereto and incorporated herein by reference collectively as **Exhibit A.**

4.      On August 11, 2022, the Summons and Complaint (**Exhibit A)**, were personally served on Removing Defendant Lowe's, through its agent for service of process.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

5.      At the time of service on August 11, 2022, Plaintiff also served Removing Defendant Lowe's, with a Statement of Damages, a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit B**.

6.      At the time of service on August 11, 2022, Plaintiff also served Removing Defendant Lowe's, with the following documents, true and correct copies of which are attached hereto and incorporated herein by reference collectively as **Exhibit C**:

        a.      Application and Order for Appointment of Guardian Ad Litem – Civil (Ex Parte);

        b.      Notice of Hearing Case Management Conference;

        c.      Civil Cover Sheet;

        d.      Statement of Damages directed to named defendant "Orchard Supply Hardware Corporation"; and

        e.      Plaintiff's Receipt for First Appearance fee.

7.      On August 16, 2022, Plaintiff purported to serve another named defendant, ORCHARD SUPPLY HARDWARE CORPORATION ("OSH Corp."), with the same documents served on Removing Defendant Lowe's. A true and correct copy of a Proof of Service filed on behalf of Plaintiff is attached hereto and incorporated herein by reference as **Exhibit D.**

8.      On August 30, 2022, Plaintiff served Removing Defendant Lowe's, with an amendment to the Complaint substituting Removing Defendant OSC, in place of the previously sued defendant DOE 1. A true and correct copy of Plaintiff's amendment is attached hereto and incorporated herein by reference as **Exhibit E.**

9.      On September 8, 2022, Removing Defendants filed and served their Answer to Plaintiff's Complaint in the Orange County Superior Court, along with a Demand for Trial by Jury. True and correct copies of this Answer to Complaint and Demand for Trial by Jury are attached hereto and incorporated herein by reference as **Exhibit F.**

10.     Also on September 8, 2022, Removing Defendants filed a Cross-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)

1   Complaint (Third-Party Complaint) in Orange County Superior Court against Cross-
2   Defendant ORCHARD SUPPLY HARDWARE STORES CORPORATION ("OSH
3   Stores Corp."), a Delaware corporation, and Roes 1-25, inclusive. A true and correct
4   copy of the Cross-Complaint/Third-Party Complaint and the Summons thereon are
5   attached hereto and incorporated herein by reference as **Exhibit G**.

6      11.   The attached exhibits constitute all process, pleadings and orders served
7   upon Defendant in this matter.

8                               **DIVERSITY**

9      A.   **Citizenship**

10     12.   This is a civil action over which this Court has original jurisdiction under
11  28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds
12  the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be
13  removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the
14  action is between citizens of different states.

15     13.   Plaintiff was, at the time of the filing of this action, and presently remains
16  domiciled in the State of California and is therefore a citizen of the State of California.

17     14.   Removing Defendant Lowe's is a North Carolina limited liability
18  company with its principal place of business in North Carolina.  The citizenship of a
19  limited liability company, for purposes of diversity jurisdiction, is the citizenship of
20  its members.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v.*
21  *Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Lowe's, is a
22  manager-managed limited liability company with its only member being Lowe's
23  Companies, Inc.   Lowe's Companies, Inc., is a North Carolina corporation,
24  incorporated in North Carolina with its principal place of business in the State of North
25  Carolina.  Accordingly, Removing Defendant Lowe's, is a citizen of the State of North
26  Carolina.

27     15.   Removing Defendant OSC is a North Carolina limited liability company
28  with its principal place of business in North Carolina.  Again, the citizenship of a

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 4 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. OSC is a manager-managed limited liability company with its only member being Removing Defendant Lowe's. Accordingly, OSC is also a citizen of the State of North Carolina.

16.    Removing Defendants are informed and believe that named defendant OSH Corp. was a Delaware corporation that had its principal place of business in Illinois. Plaintiff erroneously identifies this entity as a "California Corporation." The citizenship of a corporation, for purposes of diversity jurisdiction is the citizenship of every state and in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. OSH Corp. was a citizen of Delaware and Illinois. Removing Defendants are further informed and believe that this corporation ceased to exist in or about 2007, six years prior to the events giving rise to this litigation.

17.    Removing Defendants have also filed a Cross-Complaint (Third-Party Complaint) in state court against Cross-Defendant (Third-Party Defendant) OSH Stores Corp.  OSH Stores Corp. was a Delaware corporation that had its principal place of business in San Jose, CA.  However, OSH Store Corp. filed for bankruptcy in or about 2013. The company is now defunct and has been since approximately 2015. It forfeited its right to do business in California and in fact ceased to do business in California on or before December 2015. A number of Circuits have held that an inactive corporation has no principal place of business. See e.g., *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 698 (3rd Cir. 1995). Other courts have taken a "functional approach," looking at the length of time the corporation has been inactive. "When a substantial period of time has lapsed since a corporation was active, its citizenship reverts to include only its state of incorporation." *Homestake Lead Co. v. Doe Run Resources Corp.*, 282 F.Supp.2d 1131, 1137 (N.D. Cal. 2003), citing *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 291-292 (4th Cir. 1999) [three-year period of inactivity in Maryland rendered it an out-of-state corporation], and *Harris v. Black Clawson, Co.,* 961 F.2d 547, 551 (5th Cir. 1992) [five-year period of inactivity is a

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

substantial period of time]. OSH Stores Corp. has been inactive for six to seven years at least, and therefore for diversity purposes is solely a citizen of its state of incorporation, Delaware.

18.     Therefore, complete diversity of citizenship exists as between G.H., a minor, by her Guardian Ad Litem, JAVIER HERNANDEZ, (a California citizen), Removing Defendants Lowe's and OSC (citizens of North Carolina), named Defendant OSH Corp. (formerly a citizen of Delaware and Illinois), and Cross-Defendant/Third-Party Defendant OSH Stores Corp. (as citizen of Delaware for diversity purposes).

19.     The consent of named defendant OSH Corp. is not required under 28 U.S.C. § 1446(b)(2) because it has not been properly joined or served. This entity ceased to exist in or about 2007, six years prior to the 2013 event giving rise to this litigation and had no ownership or control over the store where the incident occurred. It therefore cannot have any liability for circumstances giving rise to this incident and is not properly joined. This entity has also not yet appeared in this action and it is not clear that service on a company that ceased to operate nearly 15 years ago was ever completed.

20.     The consent of Cross-Defendant/Third-Party Defendant OSH Stores Corp. is also not required under 28 U.S.C. § 1446(b)(2) as that entity has not yet been served with the Summons and Cross-Complaint (Third-Party Complaint).

**B.     Fictitious Does**

21.     Defendants DOES 2 to 25, and Cross-Defendants (Third-Party Defendants) ROES 1-25 are wholly fictitious.  The Pleadings do not set forth the identity, citizenship, or status of any said fictitious defendants.  In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Pleadings makes reference to fictitious defendants

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

22.    Plaintiff's Complaint sets forth a cause of action for premises liability sounding in negligence.  *See,* **Exhibit A.**  The minor Plaintiff alleges that she was injured on October 9, 2013, at an "Orchard Supply" hardware store when a cabinet fell onto the child.  Although Plaintiff was prohibited from stating a specific amount demanded in the Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

23.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.").  This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages."  *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

24.    A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum.  A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover.  *McPhail*, 529 F.3d at 954-55.  "Once the facts have been established, uncertainty about whether the plaintiff can prove [her] substantive

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint.  *See, Cal. Code Civ. Proc.* § 425.10.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)

claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

25.    28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes.  Here, Plaintiff sent Defendant a Statement of Damages at the time of service of the Summons & Complaint on August 11, 2022, claiming $31 million in combined economic and non-economic compensatory damages.

26.    The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000.  *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003).  The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

27.    Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement.  Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

28.    This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Removing Defendant Lowe's of Plaintiff's Complaint

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)

and Statement of Damages on August 11, 2022, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3). The thirtieth day was September 10, 2022, a Saturday, so the deadline for Removing Defendant Lowe's to remove is Monday, September 12, 2022. Fed.R.Civ.P. 6(a)(1)(C); *Anderson v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2019) 917 F. 3d 1126, 1128, fn. 2; *Moistner v. Aerojet Rocketdyne, Inc.*, 2021 U.S. Dist. LEXIS 134192, at *3 (C.D. Cal. 2021). Moreover, Removing Defendant OSC has not yet been served with process and therefore its time for removal has not yet begun to run. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999).

29.     Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed the Complaint on July 25, 2022.

30.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  September 12, 2022                    THARPE & HOWELL, LLP

By:   */s/ Stephanie Forman*
                    STEPHANIE FORMAN, ESQ.
                    ROGER W. BACKLAR, ESQ.
                    Attorneys for Defendants,
                    Third-Party Plaintiffs,
                    LOWE'S HOME CENTERS, LLC,
                    ORCHARD SUPPLY COMPANY,
                    LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.    At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.    My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.    **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(b) (DIVERSITY) BY DEFENDANTS AND THIRD-PARTY PLAINTIFFS LOWE'S HOME CENTERS, LLC, AND ORCHARD SUPPLY COMPANY, LLC**

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| John C. Carpenter, Esq.<br>Asa O. Eaton, Esq.<br>Carlos Hernandez, Esq.<br>Matthew Singer, Esq.<br>CARPENTER AND ZUCKERMAN<br>8827 W. Olympic Blvd.<br>Beverly Hills, CA  90211<br>Tel: 310.273.1230<br>Fax: 310.858.1063<br>Email: eaton@cz.com<br>Email: carpenter@czrlaw.com<br>Email: chernandez@cz.law<br>Email: msinger@cz.law<br>Email: tmatus@cz.law<br><br>Assistants:<br><br>Cynthia Escamilla<br>Email: cescamilla@cz.law<br><br>Tucker Matus<br>Email: matus@cz.law<br><br>Jasmin Palafox<br>Email: jasmin@cz.law<br><br>Ed Musante<br>Email: emusante@cz.law<br><br>Ashley Silva<br>Email:  asilva@cz.law<br><br>Valerie Tompkins<br>Email: vtompkins@cz.law | Attorney for Plaintiff, G.H., a minor, by and though here Guardian Ad Litem, Javier Hernandez |

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)

a **X** **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 9/12/2022             Bertha Muñoz                    *Bertha Muñoz*
  DATE           (TYPE OR PRINT NAME)          (SIGNATURE OF DECLARANT)

I:\33000-000\33086\Pleadings\FEDERAL\Ntc. of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY)